## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO
## CIVIL ACTION NO. 4:24CV-P136-JHM

**JESSE LEE WHITE**                                                                               **PLAINTIFF**

**v.**

**CHAD GILBERT** *et al.*                                                            **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Jessie Lee White filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff states that he is a pretrial detainee at the Daviess County Detention Center. He sues Chad Gilbert, identified as a detective with the Owensboro Police Department (OPD), and Michael Van Meter, identified as a prosecuting attorney. He does not indicate in which capacity he sues either Defendant.

Under the heading "False Arrest," Plaintiff states, "I was pulled over by OPD on the 12th day of June 2024 for a traffic violation because my friends car I was driving had expired tags." He further asserts as follows:

> OPD searched the car and found a red hoody that they said was involved in a crime, that took place 2 days earlier. [] OPD transported me to the [police station] and made me sit in an interrogation room for 3 hours until Detective Chad Gilbert read me a Miranda warning. [] Detective Chad Gilbert said I was a suspect in a series of burglaries that took place on the 10th of June 2024. [] I told Detective Chad Gilbert I wanted an attorney because you have the wrong guy. He then stormed out and I was charged with 4 3rd degree burglaries. [] Det. Chad Gilbert contacted prosecuting attorney Michael Van Meter where he looked into my criminal history which revealed I have been charged with burglary in the past. [] The Defendant said that was probable cause to believe I was a suspect in the multiple burglaries that occurred on 06/10/24 in Owensboro Ky.

The complaint also includes a second heading, "False imprisonment." However, Plaintiff states no allegations under this heading.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "dismiss charges held" and to be "released back on parole."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to

be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

As stated above, Plaintiff does not state if he is suing Defendants in their individual and official capacities. When a complaint is ambiguous regarding capacity, the Court must look to the "course of proceedings[,]," *i.e.*, "the nature of the plaintiff's claims [and] requests for compensatory or punitive damages" to determine "whether the defendant had actual knowledge of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 772 n.1 (6th Cir. 2001). Looking at the nature of Plaintiff's claims and his request for punitive damages, the Court concludes that Plaintiff has put Defendants on sufficient notice that they are exposed to individual liability. Thus, the Court will analyze the claims as brought against Defendants in both their official and individual capacities.

#### A. *Gilbert*

##### 1. *Official-capacity claim*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claim against Gilbert is actually brought against his employer, the City of Owensboro. *Id*. at 165.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be

3

held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff's allegations pertain only to himself, and he does not allege that any action was taken pursuant to a policy or custom of the City of Owensboro. Accordingly, his official-capacity claim against Gilbert must be dismissed for failure to state a claim upon which relief may be granted.

### 2. *Individual-capacity claim*

Plaintiff alleges a false arrest claim against Gilbert. Conclusory allegations are not sufficient to support a claim. *See Iqbal*, 556 U.S. at 678 (complaint not sufficient "'if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). In the complaint, Plaintiff states that Gilbert pulled him over for expired tags and does not allege that this was not a valid basis for the traffic stop. He asserts that the vehicle was searched and a hoody was found that police said was involved in a crime. He reports that he was taken to the police station and given a *Miranda* warning. Plaintiff states that when he asked for an attorney Gilbert stormed out but Plaintiff does not state that Gilbert questioned him further.

Plaintiff states that Gilbert charged him with four burglaries after he consulted with the prosecuting attorney. Even broadly construing these allegations, the Court cannot discern an allegation of wrongdoing by Gilbert to support a factual basis for a false arrest claim. Therefore, the individual-capacity claim against Gilbert will also be dismissed for failure to state a claim upon which relief may be granted.

### B. Van Meter

#### a. Official-capacity claim

Van Meter, in his role as a prosecutor on behalf of the Commonwealth of Kentucky, is a state employee or official. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claim against Van Meter for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant immune from such relief.

#### b. Individual-capacity claims

Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding

that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Plaintiff's claim against Van Meter is barred by prosecutorial immunity, and the individual-capacity claim against him must be dismissed for seeking damages from a defendant who is immune from such relief.

### C. Injunctive relief

With regard to Plaintiff's claims seeking injunctive relief in the form of dismissal of his charges or release on parole, when a state prisoner "seeks . . . a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, dismissal of charges and release from custody are not available forms of relief under § 1983. Accordingly, Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action.

Date: April 14, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010